IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORILLARD TOBACCO COMPANY<br><br>                    Plaintiff,<br>        v.<br><br>ATLANTIC PRODUCE & SUPERMARKET;<br>AIJAZ A. RAJPUT,<br><br>                    Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil Action<br>No. 06-951 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE,** District Judge:

This matter comes before the Court upon the motion of
Plaintiff Lorillard Tobacco Company (the "Plaintiff") for summary
judgment upon Count One pursuant to Fed. R. Civ. P. 56.
Plaintiff brought this six-count complaint (the "Complaint")
against Defendants Atlantic Produce and Supermarket ("Atlantic
Market") and Aijaz A. Rajput ("Rajput") (collectively, the
"Defendants") claiming: (1) trademark counterfeiting and
infringement (in violation of 15 U.S.C. § 1114(1)); (2) unfair
competition and false designations of origin (in violation of 15
U.S.C. § 1125(a)); (3) trademark dilution (in violation of 15
U.S.C. § 1125(c)); (4)  state trademark dilution (in violation of
N.J. Stat. Ann. § 56:3-13.20); (5) common law unfair competition;
and (6) statutory unfair competition (in violation of N.J. Stat.
Ann. § 56:4-1 et seq.)  Plaintiff's motion is for summary
judgment as to Count One of the Complaint, trademark
counterfeiting and infringement (in violation of 15 U.S.C. §

1114(1)).  The Plaintiff's motion is unopposed and for the following reasons, the motion will be granted.[1]

**The Court finds as follows:**

1.  Plaintiff is the owner of a family of NEWPORT and LORILLARD trademarks that are registered on the Principal Register of the U.S. Patent and Trademark Office and used in association with cigarettes and related goods since 1956. (Certification of Victor Lindsley in Support of Plaintiff's Application for an Ex Parte Seizure Order, dated February 27, 2006, ¶ 2.)[2]

2.  Defendant Atlantic Market is a grocery store located in Atlantic City, New Jersey and owned by Defendant Aijaz A. Rajput.

---

[1]  Plaintiff filed this motion in response to the Court's call for dismissal of this previously dormant case for lack of prosecution under L. Civ. R. 41.1, as requested in the Certification of counsel entered on November 8, 2006 [Docket Item No. 9].  The Court exercised its discretion to withdraw the call for dismissal on Nov. 9, 2006, to permit this motion addressing Count One to go forward.  Plaintiff elected to move forward only on Count One, and the Court deems Counts Two through Six to be abandoned by Plaintiff.  Count One is undeniably the principal claim, and Plaintiff's decision to pursue it is certainly understandable, as it overlaps to a large extent with the lesser claims.  Nonetheless, liability having been established herein on Count One, as explained below, the Court will not keep the docket open other than to reduce Count One to a monetary and injunctive judgment.  Plaintiff must file its motion for final judgment within twenty (20) days hereof.

[2]  Plaintiff claims ownership of five registered trademarks that are relevant to this matter: NEWPORT, NEWPORT (stylized), Spinnaker Design, NEWPORT and Design, and LORILLARD. Collectively, the five trademarks, which are all for cigarettes, shall be referred to as the "Trademarks."

(Deposition of Aijaz A. Rajput at 6-7.)  On February 21, 2006, an employee of Plaintiff discovered what he believed to be old NEWPORT-brand cigarettes at the Atlantic Market.  (Certification of Dave McMahon in Support of Plaintiff's Application for an Ex Parte Seizure Order ¶ 3.)  The cigarettes were removed from the shelves and, upon inspection by another employee of Plaintiff, Plaintiff determined that each of the packs of cigarettes was counterfeit.  (Certification of Edward F. O'Brien in Support of Plaintiff's Application for an Ex Parte Seizure Order ¶ 2.)

3.  On March 3, 2006, Plaintiff filed the Complaint against Defendants and requested an ex parte seizure order.  On March 3, 2006, this Court granted Plaintiff's request for an ex parte seizure order, [Docket Item No. 4], and March 8, 2006, Plaintiff conducted the court-ordered seizure.  The seizure revealed additional cartons of counterfeit NEWPORT-brand cigarettes. (Russell Cert. ¶ 3, 4; O'Brien Cert. ¶ 3.)  Moreover, on March 30, 2006, Plaintiff and Defendants entered into a consent order preliminarily enjoining Defendants from purchasing and selling counterfeit Lorillard cigarettes and requiring that Defendants notify Plaintiff when Defendants receive a shipment of Lorillard cigarettes and allow representatives from Plaintiff to conduct regular inspections of Defendants' inventory.  [Docket Item No. 8.]

4.  On June 26, 2006, Plaintiff deposed Defendant Rajput.
(Russell Cert. ¶ 5.)  Rajput offered no defense for his sale of
counterfeit cigarettes, presented no evidence to suggest that the
cigarettes were not counterfeit and informed Plaintiff that he
had purchased the cigarettes outside normal, legal distribution
channels.  (Rajput Dep. Tr. at 19-28.)

5.  Plaintiff filed a motion for summary judgment on
November 8, 2006. [Docket Item No. 12.]  The motion is unopposed.

6.  On a motion for summary judgment, the court must
determine whether "there is no genuine issue as to any material
fact and that the moving party is entitled to judgment as a
matter of law." Abraham v. Raso, 183 F.3d 279, 287 (3d Cir.
1999)(citing Fed. R. Civ. P. 56(c)).  A party opposing summary
judgment "must do more than simply show that there is some
metaphysical doubt as to material facts." Matsushita Elec.
Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  If
the nonmoving party fails to oppose the motion by evidence such
as written objection, memorandum, or affidavits, the court "will
accept as true all material facts set forth by the moving party
with appropriate record support." Anchorage Assocs. v. Virgin
Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990)(quoting
Jaroma v. Massey, 873 F.2d 17, 21 (1st Cir. 1989)).  If the
nonmoving party has failed to establish a triable issue of fact,
summary judgment will not be granted unless "appropriate," and

only if movants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e); see Anchorage Assocs., 922 F.2d at 175.

7.   Section 1114(1)(a) of the Lanham Act states that a person is liable for trademark infringement if that person uses in commerce, without the trademark registrant's consent, "any reproduction, counterfeit, copy of colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services . . . [if] such use is likely to cause confusion, or to cause mistake, or to deceive."  15 U.S.C. § 1114(1)(a).  A plaintiff establishes infringement of a trademark by proving that "(1) the marks are valid and legally protectable; (2) the marks are owned by the plaintiff; and (3) the defendant's use of the marks to identify goods or services is likely to create confusion concerning the origin of the goods or services."  Opticians Ass'n of Am. v. Independent Opticians of Am., 920 F.2d 187, 192 (3d Cir. 1990); Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 291 (3d Cir. 1991).  Sellers are strictly liable for violation of the Lanham Act; as such, a plaintiff need not prove that a defendant intended to sell counterfeit goods.  See Henri's Food Prods. Co. v. Kraft, Inc., 717 F.2d 352, 359 (7th Cir. 1983) ("A finding of fraudulent intent or bad faith is not essential to prove infringement where likelihood of confusion already exists.")

8.    In this matter, Plaintiff has satisfied the first and second elements to prove infringement; _i.e._, that Plaintiff owns the NEWPORT trademarks and that they are valid and protectible. Each of the Trademarks is registered on the Principal Register of the U.S. Patent and Trademark Office.  (Lindsley Cert. Ex. 1-5.) Registration of the Principal Register is prima facie evidence that the Trademarks (1) are both registered and valid, (2) are owned by Plaintiff, and (3) that Plaintiff uses the Trademarks in commerce.  See 15 U.S.C. § 1057(b);[3] see also Campbell Soup Co. v. Armour & Co., 175 F.2d 795, 799 (3d Cir. 1949).  When a plaintiff sues for infringement of a registered mark, it is the defendant's burden to rebut the presumption that the plaintiff owns the mark and that the mark is protectible.  See Louis Rich, Inc. v. Horace W. Longacre, Inc., 423 F. Supp. 1327, 1336 (E.D. Pa. 1976).  Here, Defendants have not contested the validity or

---

[3]  Section 1057(b) states:

 (b) Certificate as prima facie evidence. A certificate of registration of a mark upon the principal register provided by [the Lanham Act] shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate.

15 U.S.C. § 1057(b).

ownership of the Trademarks.  As such, Plaintiff has satisfied these two elements.

9.  Plaintiff has also satisfied the third element necessary for proving trademark infringement by demonstrating that no genuine issue of material fact exists on the issue of whether Defendants' distribution of counterfeit NEWPORT-brand cigarettes is likely to confuse consumers.  The Third Circuit Court of Appeals has established ten factors a district court must weigh in determining whether a defendant's use of a trademark is likely to cause confusion.  See Interpace Corp. v. Lapp, Inc., 721 F.2d 460, 462-63 (3d Cir. 1983).[4]  However, when goods are directly competing and the marks are clearly very similar, as here, "a district judge should feel free to consider only the similarity of the marks themselves."  A&H Sportswear, Inc. v. Victoria's

---

[4]  The ten factors for determining likelihood of confusion are: (1) the degree of similarity between the owner's mark and the alleged infringing mark; (2) the strength of the owner's mark; (3) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase; (4) the length of time the defendant has used the mark without evidence of actual confusion arising; (5) the intent of the defendant in adopting the mark; (6) the evidence of actual confusion; (7) whether the goods, though not competing, are marketed through the same channels of trade and advertised through the same media; (8) the extent to which the targets of the parties' sales efforts are the same; (9) the relationship of the goods in the minds of consumers because of the similarity of function; (10) other facts suggesting that the consuming public might expect the prior owner to manufacture a product in the defendant's market, or that he is likely to expand into that market.  Interpace Corp. v. Lapp, Inc., 721 F.2d 460, 462-63 (3d Cir. 1983)

Secret Stores, Inc., 237 F.3d 198, 213 (3d Cir. 2000).  Moreover, in finding that the defendants were in violation of 15 U.S.C. § 1114(1), another court in the District of New Jersey held that:

> It would be difficult to imagine a clearer case of consumer confusion than the instant case in which the defendants, acting in direct competition with the plaintiff, sold counterfeit products on which plaintiff's registered marks appear in their entirety. Under these circumstances, the likelihood of consumer confusion, mistake or deception is clear.

Microsoft Corp. v. CMOS Tech., 872 F. Supp. 1329, 1335-36 (D.N.J. 1994).

　　10.  Defendants do not dispute that Defendants distributed and offered to sell counterfeit NEWPORT-brand cigarettes. (Statement of Facts ¶¶ 5-6.)  On February 21, 2006, a representative of Plaintiff discovered a carton of counterfeit NEWPORT-brand cigarettes at the Atlantic Market.  (McMahon Cert. ¶ 3.)  In addition, after Plaintiff conducted the court-ordered seizure on March 8, 2006, Plaintiff discovered additional cartons of counterfeit NEWPORT-brand cigarettes.  (Russell Cert. ¶ 3,4; O'Brien Cert. ¶ 3.)  Defendants' distribution and offering of counterfeit cigarettes for sale, in itself, caused a likelihood of confusion among consumers as a matter of law establishing Defendants' liability under 15 U.S.C. § 1114(a)(1).

## CONCLUSION

　　For the foregoing reasons, Plaintiff's unopposed motion for summary judgment as to Count One of the Complaint (trademark

counterfeiting and infringement) will be granted.  Plaintiff's claims in Counts Two through Six are deemed abandoned.  Plaintiff shall file its motion for final judgment as to Count One within twenty (20) days.


**April 23, 2007**                          **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            U.S. District Judge